IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LISA CLARK | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-14-843 |
| | * | |
| CHARLES COUNTY BOARD OF LIBRARY TRUSTEES | * | |

\*\*\*\*\*\*

**MEMORANDUM**

This is an action for employment discrimination. Plaintiff has asserted claims for age discrimination arising out of her non-selection as Circulation Supervisor at defendant's Waldorf branch, claims for race discrimination and retaliation arising from her advocacy for African-American employees of defendant, negligent retention, and intentional infliction of emotional distress. Discovery has been completed, and defendant has filed a motion for summary judgment. The motion will be granted.

The record makes clear that plaintiff strongly advocated the rights of African-American employees of defendant.[1] Moreover, she is married to an African-American and her children are biracial. She keeps pictures of her family on her desk, and her children have attended events sponsored by defendant. She also brought her bi-racial marriage to the attention of a mediator who was retained by the County to resolve a grievance filed against plaintiff from another Library employee.

---

[1] A person who wishes to apply for a supervisory position should bear in mind that having, or being perceived to have, an agenda on issues regarding discrimination might weaken his or her capacity to be seen as being fair to persons who fall outside of the class for whom she/he advocates. Of course, that does not mean that he or she should lack the courage to stand up for those whom others consider to be disadvantaged.

1

There is, however, no evidence, other than plaintiff's self-evaluation, that she was not selected for the positions for which she alleges that she was the victim of age discrimination. Likewise, she has not demonstrated in any way that there was a causal connection between her non-selection for any position or other disciplinary actions that were taken against her arising from her advocacy for African-American employees.[2]

My review of the evidence is rather summary in nature. However, I have reviewed the record in detail, and it is clear that plaintiff has not met the burden of proving any claim of discrimination or any other claim. Remarkably absent from the record is any indication that plaintiff (or any other member of a protected class) was discriminated against because of advocacy for the rights of minorities or because plaintiff (or anyone else) was a member of a protected class. Under the discrimination laws employers are entrusted to make lawful employment decisions. Of course, their decisions are subject to review, first by a court if a summary judgment motion is filed and then, if the motion is denied, by a jury. Here, the record makes clear that defendant did not act inappropriately, and plaintiff is not entitled to have her employer's decisions made subject to second-guessing by a jury.

A separate order granting defendant's motion is being entered herewith.

Date: /s/ Jan 4, 2016

/s/ J. Frederick Motz
United States District Judge

---

[2] It is not at all clear from the summary judgment record that the employees for whom plaintiff advocated were themselves victims of unlawful discrimination. Likewise, her transfer to the Circulation supervisor position in Potomac, for which she filed a grievance, was within management's discretion, and there is no indication that the transfer was for any discriminatory reason. The other actions taken against her were suggested by a human resources consultant, an uninterested third party retained by defendant to investigate a charge brought against plaintiff by another library employee. There is no evidence that in following these suggestions defendant itself was guilty of unlawful conduct.